**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BILLY RAY JONES**                                                               **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 2:15cv148-KS-MTP**

**WAYNE GENERAL HOSPITAL, ET AL.**                          **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motions for Leave to Proceed *in forma pauperis* [2] [4] filed by the Plaintiff and on Plaintiff's failure to comply with the orders of this Court. Having carefully considered the motions, the undersigned recommends that Plaintiff's Motions [2] and [4] be denied and that Plaintiff be directed to pay the filing fee for the reasons set forth below.

Plaintiff Billy Ray Jones, proceeding *pro se*, filed his complaint [1] and motion to proceed *in forma pauperis* [2] on November 12, 2015. On November 18, 2015, the Court found that Plaintiff's original IFP application was incomplete and required clarification, as the Plaintiff had failed to fully set forth his income and monthly expenses. *See* Order [3].

On December 2, 2015, Plaintiff filed a second IFP application. *See* Motion [4]. In his second application, Plaintiff asserted that his and his spouse's total monthly income is $1,192,[1] and asserted that their total monthly expenses are $3,462. *Id.* The Plaintiff also stated that he owns his own home and two automobiles. *Id.* The Court again found that the application required clarification. On December 10, 2015, the Plaintiff was directed to explain the substantial discrepancy between his listed income and expenses. Specifically, the Court directed the Plaintiff to state in writing which expenses he actually pays each month and state the amount he pays toward those expenses. *See*

---

[1]The Plaintiff stated that he receives $200 in gifts each month, and that his spouse earns a monthly salary of $992. *See* Motion [4] at 1.

Order [5]. The Court warned Plaintiff that his failure to provide this information could result in the denial of his IFP application. *Id.*

On December 23, 2015, Plaintiff filed affidavit [6] in response to the Court's Order [5], but failed to provide the information ordered by the Court. The Plaintiff merely states that he is not employed and receives $1,200 each month[2] from various family members, and lists the names of those individuals. *See* Affidavit [6].

Although access to the courts is a well-established right, there is no absolute right to proceed *in forma pauperis*. *See Willis v. Shaw*, 186 F.R.D. 358, 361 (E.D. Tex. 1999) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)). Moreover, the district court has broad discretion to deny an IFP application. *See Jones v. First Bank and Trust*, 2010 WL 2836150, at *2 (E.D. La. Jul. 16, 2010) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975)).

In this case, without specific information regarding his income and expenses, Plaintiff's financial status cannot be fairly evaluated and considered. The Plaintiff has failed to comply with this Court's Order [5] and has failed to meet his burden of establishing his entitlement to proceed *in forma pauperis*. *See Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972) (holding that an IFP applicant must "state with some particularity, definiteness and certainty the facts as to his poverty") (internal quotations and citations omitted); *see also Flippin v. Coburn*, 107 Fed. App'x 520, 521 (6th Cir. 2004) ("Because [the plaintiff] failed to provide information about his expenses, the district court was unable to determine whether he was indigent, and therefore, it properly denied his motion to proceed in forma pauperis."). Accordingly, Plaintiff's Motions [2] [4] should be denied.

---

[2]Plaintiff does not state whether the $1,200 gifts are in addition to his spouse's monthly salary of $992. His affidavit [6] also contradicts his previous IFP application [4], in which the Plaintiff stated that he receives only $200 in gifts per month.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] [4] be DENIED,

2. Plaintiff be given thirty (30) days to pay all of the costs associated with the filing of this lawsuit, and

3. Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th of January, 2015.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge